**FILED**
CLERK, U.S. DISTRICT COURT

3/29/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ TV _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 2:23-cr-00146-SVW |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(I): Intentional Damage to a Protected Computer; 18 U.S.C. § 1956(h): Conspiracy to Engage in Money Laundering; 18 U.S.C. § 2(a), (b): Aiding and Abetting; 18 U.S.C. §§ 981(a)(1)(C), 982, 1030, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| KOLAWOLE TEMIDAYO OGUNGBESAN, aka "Engr Jah," aka "Rich Jah," aka "Kolawole Churchill," aka "Bombo Klaat," SHOLA SOUZA, and DEON BAKER, | |
| Defendants. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS AND DEFINITIONS

At all times relevant to this Indictment:

1.   A Business Email Compromise ("BEC") fraud may occur when a hacker gains unauthorized access to a victim's business email account in an attempt to trick the victim into making a  unauthorized wire transfer to an account  used or controlled by the hacker or others working with the hacker.

2.    An email forwarding rule is a setting in an email system that automatically forwards or redirects copies of email messages to another email account.

3.    Victim Business A, located in Irvine, California, is an asset management company.

4.    Victim Business B, located in San Francisco, California, is an asset management company.

5.    Victim Business C, located in Fort Lauderdale, Florida, is a consumer experience consulting company.

6.    Victim Business D, located in New York, New York, and Chicago, Illinois, is a private equity firm.

7.    Victim Business E, located in Bellevue, Washington, and Aliso Viejo, California, is a software company.

8.    Victim Business F, located in Phoenix, Arizona, is a professional sports team.

9.    Victim Business G, located in Boston, Massachusetts, is a music technology company.

10.   Fraudulent Business G was a fictitious business incorporated in the State of Georgia under a variation of the name of Victim L.P., bearing a name almost identical to Victim Business G.

11.   Victim Business H, located in Modesto, California, is a grocery company.

12.   Fraudulent Bank Account 1 was a bank account held at Bank of America with account number ending in 3344, which was held in Douglasville, Georgia.

13.   Fraudulent Bank Account 2 was a bank account held at First Chatham Bank with account number ending in 6315, which was held in Savannah, Georgia.

14.   Fraudulent Bank Account 3 was a bank account held at BB&T Bank with account number ending in 3375, which was held in Morrow, Georgia.

15.   Bank of America, First Chatham Bank, and BB&T Bank are each federally insured.

COUNT ONE

[18 U.S.C. § 1349]

[ALL DEFENDANTS]

1.    The Grand Jury re-alleges and incorporates here paragraphs 1 through 15 of the Introductory Allegations and Definitions of this Indictment.

A.   OBJECTS OF THE CONSPIRACY

2.    Beginning on an unknown date, but no later than on or about January 15, 2019, and continuing through at least April 27, 2020, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant KOLAWOLE TEMIDAYO OGUNGBESAN, also known as ("aka") "Engr Jah," aka "Rich Jah," aka "Kolawole Churchill," aka "Bombo Klaat" ("OGUNGBESAN"), SHOLA SOUZA ("SOUZA"), and DEON BAKER ("BAKER"), together with others known and unknown to the Grand Jury, knowingly conspired to commit wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344(2).

B.   THE MANNER AND MEANS OF THE CONSPIRACY

3.    The objects of the conspiracy were to be accomplished, in substance, as follows:

(a)   Defendant OGUNGBESAN or his co-conspirators would identify a potential victim of BEC fraud.  This would be done in part by hacking into the email system of either the potential BEC fraud victim or a party with whom the potential BEC fraud victim was communicating, and then intercepting communications and directly communicating with the potential victims.

(b)   Defendant OGUNGBESAN or a co-conspirator would search a victim's email communications to identify upcoming planned wire

4

transfers.

(c)   After gaining control of a victim's email system, defendant OGUNGBESAN or a co-conspirator would often implement unauthorized email forwarding rules that would automatically and surreptitiously forward copies of incoming and/or outgoing emails from certain employee email accounts to an email account controlled by defendant OGUNGBESAN.

(d)   SOUZA and BAKER would open bank accounts that could be used to receive fraudulently obtained funds.

(e)   SOUZA, BAKER, or other co-conspirators would provide defendant OGUNGBESAN or other co-conspirators with account information for the fraudulent bank accounts opened to receive fraudulently obtained funds.

(f)   In some instances, defendant OGUNGBESAN or a co-conspirator would create fraudulent email accounts designed to trick employees of a victim into believing that the accounts belonged to businesses or individuals involved in the upcoming planned wire transfers.

(g)   In other instances, defendant OGUNGBESAN or a co-conspirator would take control of genuine victim business email accounts and communicate with BEC victim employees directly from those accounts regarding upcoming planned wire transfers.

(h)   Defendant OGUNGBESAN or a co-conspirator would communicate with a victim – often fraudulently pretending to be a company doing business with the victim – and would induce, or attempt to induce, the victim to send a wire transfer to a fraudulent bank account.

(i) SOUZA, BAKER, or other co-conspirators would withdraw or transfer, or attempt to withdraw or transfer, the fraudulently obtained funds from the bank account, and would further launder the funds through transfers to additional bank accounts fraudulently opened as part of the scheme so as to obtain the money and so as to conceal and disguise the nature, location, source, ownership and control of the proceeds.

C.   OVERT ACTS

4.   In furtherance of the conspiracy, and to accomplish its objects, defendants OGUNGBESAN, SOUZA, and BAKER, together with others known and unknown to the Grand Jury, on or about the dates set forth below, committed and caused to be committed various overt acts, in the Central District of California and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On an unknown date prior to June 1, 2019, defendant OGUNGBESAN or a co-conspirator accessed email server(s) used by Victim Business A, without authorization, and created an unauthorized email forwarding rule causing copies of outgoing emails from a Victim Business A employee account to be forwarded to an email account controlled by OGUNGBESAN (the "OGUNGBESAN Email Account").

Overt Act No. 2:   On January 16, 2019, defendant OGUNGBESAN or a co-conspirator created a fraudulent email account appearing to be victim K.S.'s true email address (the "False K.S. Email Address") and registered the email account using victim K.S.'s name and date of birth.

Overt Act No. 3:   On January 16, 2019, defendant OGUNGBESAN or a co-conspirator, using the False K.S. Email Address and posing as victim K.S., sent an email attempting to redirect funds from a real

estate transaction involving Victim Business A to an account controlled by OGUNGBESAN or a co-conspirator.

Overt Act No. 4:   On April 1, 2019, defendant OGUNGBESAN or a co-conspirator, without authorization, accessed email server(s) used by Victim Business B, and instituted an unauthorized email forwarding rule, causing copies of incoming and outgoing emails from a Victim Business B employee email account to be forwarded to the OGUNGBESAN Email Account.

Overt Act No. 5:   On July 15, 2019, defendant OGUNGBESAN or a co-conspirator, without authorization, accessed the email account of Victim Business B's controller and used that account to send fraudulent wiring instructions, causing approximately $23,774,925 to be wired to a bank account controlled by defendant OGUNGBESAN or a co-conspirator.

Overt Act No. 6:   In May 2019, defendant OGUNGBESAN or a co-conspirator, without authorization, accessed email server(s) used by Victim Business C, and instituted an unauthorized email forwarding rule, causing copies of incoming and outgoing emails from a Victim Business C employee email account to be forwarded to the OGUNGBESAN Email Account.

Overt Act No. 7:   On August 9, 2019, posing as an employee of victim business Victim Business D, defendant OGUNGBESAN or a co-conspirator sent an email with fraudulent wire instructions to an employee of Victim Business C, causing approximately $6,032,877 intended for Victim Business D to be wired to a bank account controlled by defendant OGUNGBESAN or a co-conspirator.

Overt Act No. 8:   On August 12, 2019, again posing as an employee of Victim Business D, defendant OGUNGBESAN or a co-

conspirator sent an email with fraudulent wire instructions to an employee of Victim Business C, causing Victim Business C to wire approximately $422,764 intended for Victim Business D to a bank account controlled by defendant OGUNGBESAN or a co-conspirator.

Overt Act No. 9:   On January 7, 2020, defendant OGUNGBESAN or a co-conspirator, without authorization, accessed email server(s) used by Victim Business E, compromised an existing Victim Business E account with administrative privileges, and used that account to create an unauthorized account with administrative privileges.

Overt Act No. 10:   On January 11, 2020, defendant OGUNGBESAN, without authorization, used the first unauthorized account with administrative privileges to create a second unauthorized account with administrative privileges, which was in turn used to conduct searches to locate Victim Business E finance team email accounts.

Overt Act No. 11:   On January 13, 2020, defendant OGUNGBESAN, without authorization, accessed email used by Victim Business E, and using the second unauthorized account with administrative privileges, instituted an unauthorized email forwarding rule, causing copies of incoming and outgoing emails from a Victim Business E employee email account to be forwarded to the OGUNGBESAN Email Account.

Overt Act No. 12:   On January 13, 2020, defendant OGUNGBESAN or a co-conspirator conducted an online search for victim L.M.'s name, employer, and business address.

Overt Act No. 13:   On January 22, 2020, using the second unauthorized account with administrative privileges, defendant OGUNGBESAN or a co-conspirator began accessing Victim Business E finance-team email accounts.

Overt Act No. 14:   On February 15, 2020, defendant OGUNGBESAN

1    or a co-conspirator created a false email account appearing to belong

2    to Victim Business F ("False Victim Business F Email Address") and

3    registered the domain associated with the account using victim L.M.'s

4    name and victim L.M.'s credit card.

5        Overt Act No. 15:   On February 15, 2020, defendant OGUNGBESAN

6    or a co-conspirator created a false email account appearing to belong

7    to Victim Business G ("False Victim Business G Email Address") and

8    registered the domain associated with the account using victim L.M.'s

9    name and victim L.M.'s credit card.

10       Overt Act No. 16:   On February 18, 2020, using the False Victim

11   Business F Email Address and posing as an employee of Victim Business

12   F, defendant OGUNGBESAN or a co-conspirator sent an email to an

13   employee of Victim Business H regarding an upcoming scheduled wire

14   transfer.

15       Overt Act No. 17:   On February 18, 2020, defendant OGUNGBESAN

16   or a co-conspirator, without authorization, accessed the email

17   account of Victim Business H's employee and, using that account,

18   emailed fraudulent wiring instructions to an employee of Victim

19   Business F, causing approximately $3,100,000 to be wired to a bank

20   account controlled by OGUNGBESAN or a co-conspirator.

21       Overt Act No. 18:   On February 20, 2020, defendant SOUZA sent

22   text messages to defendant BAKER stating, "We can get started

23   tomorrow" and "I'm going to send you something tonight I need you to

24   study . . . . The name of your company is [variation of Victim

25   Business G]."

26       Overt Act No. 19:   On February 21, 2020, defendant SOUZA sent a

27   text message to defendant BAKER providing defendant BAKER with

28   fraudulent identity information to be used to open a bank account,

9

specifically, victim L.P.'s name with a misspelling of the last name, victim L.P.'s date of birth, and victim L.P.'s social security number, together with an email address.

Overt Act No. 20:   On February 21, 2020, defendant SOUZA drove defendant BAKER to a postal center in Douglasville, Georgia, where defendant BAKER opened a P.O. Box using fraudulent identity information provided by defendant SOUZA to be used as the mailing address for Fraudulent Bank Account 1.

Overt Act No. 21:   On February 21, 2020, defendant SOUZA and defendant BAKER drove to a branch of Bank of America in Douglasville, Georgia, where defendant BAKER opened Fraudulent Bank Account 1 purportedly for Fraudulent Business G, posing as the president of Victim Business G and using a variation of victim L.P.'s name and victim L.P.'s date of birth and social security number.

Overt Act No. 22:   Between February 21, 2020, and February 26, 2020, defendant SOUZA or a co-conspirator provided the bank account and wiring information for Fraudulent Bank Account 1 to defendant OGUNGBESAN or a co-conspirator.

Overt Act No. 23:   On February 25, 2020, defendant BAKER opened Fraudulent Bank Account 2 using Fraudulent Business G as the account name, posing as the president of Fraudulent Business G, and using a variation of victim L.P.'s name and victim L.P.'s date of birth and social security number.

Overt Act No. 24:   On February 26, 2020, while accessing the email account of Victim Business E employee J.B. without authorization and posing as J.B., defendant OGUNGBESAN or a co-conspirator sent an email to a Victim Business E employee intending to provide the wiring information for Fraudulent Bank Account 1 but

including a typographical error in the bank account number.

Overt Act No. 25:   On February 28, 2020, defendant SOUZA sent a text message to defendant BAKER regarding a 1.6 million dollar payment and stating, "GOD willing it goes through."

Overt Act No. 26:   On February 28, 2020, defendant SOUZA sent a text message to defendant BAKER stating, "You taking 20% of 1.6."

Overt Act No. 27:   On March 30, 2020, while accessing the email account of Victim Business E employee J.B. without authorization and posing as J.B., defendant OGUNGBESAN or a co-conspirator sent an email to Victim Business E employee D.R. containing purportedly corrected wiring information for Fraudulent Bank Account 1, but including a typographical error in the routing number.

Overt Act No. 28:   On April 23, 2020, defendant OGUNGBESAN or a co-conspirator, posing as Victim Business G employee, sent an email with the correct routing information for Fraudulent Bank Account 1, which caused Victim Business E to wire a payment intended for Victim Business G of $1,746,505 to Fraudulent Bank Account 1.

Overt Act No. 29:   On April 24, 2020, defendants SOUZA and BAKER went to a Bank of America branch in Stockbridge, Georgia, where defendant BAKER withdrew $9,200 in cash from Fraudulent Bank Account 1.

Overt Act No. 30:   On April 24, 2020, while at the Bank of America branch in Stockbridge, Georgia, defendant BAKER withdrew $300,000 from Fraudulent Bank Account 1 in the form of a cashier's check made payable to Fraudulent Business G.

Overt Act No. 31:   On April 25, 2020, defendants SOUZA and BAKER went to a Bank of America branch in Savannah, Georgia, where defendant BAKER withdrew $9,300 cash from Fraudulent Bank Account 1

and unsuccessfully attempted to send a larger wire transfer of funds from Fraudulent Bank Account 1.

Overt Act No. 32:   On April 25, 2020, defendants SOUZA and BAKER went to a different Bank of America branch in Savannah, Georgia, where defendant BAKER unsuccessfully attempted to send a $500,000 wire transfer from Fraudulent Bank Account 1.

Overt Act No. 33:   On April 27, 2020, defendant BAKER opened Fraudulent Bank Account 3 at BB&T Bank in Morrow, Georgia, using Fraudulent Business G as the account name, posing as the president of Fraudulent Business G, with incorporation documents for Fraudulent Business G, and using a variation of victim L.P.'s name and victim L.P.'s date of birth and social security number.

Overt Act No. 34:   On April 27, 2020, defendant BAKER deposited the $300,000 cashier's check issued by Bank of America into Fraudulent Bank Account 3.

Overt Act No. 35:   On April 27, 2020, OGUNGBESAN or a co-conspirator sent fraudulent wiring instructions to Victim Business G, causing Victim Business G to wire approximately $958,664 to Fraudulent Bank Account 1.

COUNT TWO

[18 U.S.C. § 1028A(a)(1); 2(b)]

[DEFENDANT KOLAWOLE TEMIDAYO OGUNGBESAN]

Beginning on an unknown date, but no later than on or about January 15, 2019, and continuing through at least April 27, 2020, in Riverside County, within the Central District of California, and elsewhere, defendant KOLAWOLE TEMIDAYO OGUNGBESAN, also known as ("aka") "Engr Jah," aka "Rich Jah," aka "Kolawole Churchill," aka "Bombo Klaat" ("OGUNGBESAN"), knowingly transferred, possessed, and used, and willfully caused to be transferred, possessed, and used, without lawful authority, a means of identification that defendant OGUNGBESAN knew belonged to another person, during and in relation to the offense of conspiracy to commit wire fraud and bank fraud, a felony violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THREE

[18 U.S.C. §§ 1343; 2(a)]

[DEFENDANT KOLAWOLE TEMIDAYO OGUNGBESAN]

1.   The Grand Jury re-alleges and incorporates here paragraphs 1 through 15 of the Introductory Allegations and Definitions of this Indictment.

A.   THE SCHEME TO DEFRAUD

2.   Beginning on an unknown date, but no later than on or about January 15, 2019, and continuing through at least April 27, 2020, in Los Angeles, Orange, and San Bernardino Counties, within the Central District of California, and elsewhere, defendant KOLAWOLE TEMIDAYO OGUNGBESAN, also known as ("aka") "Engr Jah," aka "Rich Jah," aka "Kolawole Churchill," aka "Bombo Klaat" ("OGUNGBESAN"), together with others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and with intent to defraud, devised, participated in, executed and attempted to execute a scheme to defraud a victim as to material matters, and to obtain money and property from such victim by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

3.   The fraudulent scheme to defraud operated and was carried out, in substance, as set forth in the manner and through the means described in Section B. of Count One of this Indictment, which is incorporated as if fully set forth herein.

B.   USE OF THE WIRES

4.   On or about January 16, 2019, at approximately 8:07 a.m. PST, in Orange and San Bernardino Counties, within the Central District of California and elsewhere, for the purpose of executing

the above-described scheme to defraud, defendant OGUNGBESAN
transmitted and caused others to transmit, by means of wire
communication in interstate and foreign commerce, an email from a
fraudulent email account appearing to belong to victim K.S. to an
individual working on a real estate transaction involving Victim
Business A in the Central District of California.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>COUNT FOUR</u>

[18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(I); 2(a)]

[DEFENDANT KOLAWOLE TEMIDAYO OGUNGBESAN]

1.    The Grand Jury re-alleges and incorporates here paragraphs 1 through 15 of the Introductory Allegations and Definitions of this Indictment.

2.    On or about January 13, 2020, in Orange County, within the Central District of California, and elsewhere, defendant KOLAWOLE TEMIDAYO OGUNGBESAN, also known as ("aka") "Engr Jah," aka "Rich Jah," aka "Kolawole Churchill," aka "Bombo Klaat" ("OGUNGBESAN"), together with others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly caused the transmission of programs, information, codes, and commands, and as a result of such conduct, intentionally caused damage without authorization by impairing the integrity and availability of data, programs, systems, and information on a protected computer, as that term is defined in Title 18, United States Code, Section 1030(e)(2)(B), namely, the email server(s) used by Victim Business E, thereby causing a loss aggregating at least $5,000 in value during a one-year period beginning on January 13, 2020, to Victim Business E.

COUNT FIVE

[18 U.S.C. § 1956(h)]

[ALL DEFENDANTS]

1.    The Grand Jury re-alleges and incorporates here paragraphs 1 through 15 of the Introductory Allegations and Definitions of this Indictment.

A.    OBJECT OF THE CONSPIRACY

2.    Beginning on an unknown date, but no later than on or about January 15, 2019, and continuing through at least April 27, 2020, in Los Angeles, Orange, and San Bernardino Counties, within the Central District of California, and elsewhere, defendants KOLAWOLE TEMIDAYO OGUNGBESAN, also known as ("aka") "Engr Jah," aka "Rich Jah," aka "Kolawole Churchill," aka "Bombo Klaat" ("OGUNGBESAN"), SHOLA SOUZA ("SOUZA"), and DEON BAKER ("BAKER"), together with others known and unknown to the Grand Jury, knowingly conspired to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, which, in fact, involved the proceeds of specified unlawful activity - namely, Wire Fraud, in violation of Title 18, United States Code, Section 1343 – and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

B.    THE MANNER AND MEANS OF THE CONSPIRACY

3.    The object of the conspiracy was to be accomplished, in substance, as follows:

    (a)   Defendant OGUNGBESAN or a co-conspirator would cause a

17

1  bank account to be opened into which defendant OGUNGBESAN or a co-
2  conspirator could fraudulently induce a victim to deposit funds from
3  a BEC fraud or other fraudulent scheme.

4          (b)   Defendant SOUZA, defendant BAKER, or other co-
5  conspirators would send account information to defendant OGUNGBESAN
6  or others acting at his direction for bank accounts that could be
7  used to receive fraudulently obtained funds.

8          (c)   Defendant OGUNGBESAN or a co-conspirator would,
9  through false or fraudulent pretenses, representations, and promises,
10  and concealment of material facts, cause a victim to deposit, wire,
11  or transfer funds into the bank accounts opened by defendants SOUZA
12  and BAKER, and/or other co-conspirators.

13          (d)   Defendant BAKER, acting at the direction of defendant
14  SOUZA, would withdraw or attempt to withdraw the fraudulently
15  obtained funds from the bank account, including through cash
16  withdrawals, wire transfers, issuance of cashier's checks, and
17  deposits into further accounts used by co-conspirators, before the
18  victim became aware of the fraudulent nature of the transactions, so
19  as to obtain the money and so as to conceal and disguise the nature,
20  location, source, ownership and control of the proceeds.

21  C.   OVERT ACTS

22          4.   In furtherance of the conspiracy, and to accomplish its
23  objects, defendants OGUNGBESAN, SOUZA, and BAKER, together with
24  others known and unknown to the Grand Jury, on or about the dates set
25  forth below, committed and caused to be committed various overt acts
26  in the Central District of California, and elsewhere, including, but
27  not limited to, the following:

28          Overt Act Nos. 1-24:   The Grand Jury re-alleges and

incorporates here Overt Act Numbers 9, 10, 11, 12, 13, 15, and 18-35 of Section C of Count One of this Indictment.

1                      FORFEITURE ALLEGATION ONE

2                       [18 U.S.C. § 982]

3      1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4 Procedure, notice is hereby given that the United States of America

5 will seek forfeiture as part of any sentence, pursuant to Title 18,

6 United States Code, Sections 982(a)(1) and (2), in the event of any

7 defendant's conviction of the offenses set forth in any of Counts

8 One, Two, or Five of this Indictment.

9      2.   Any defendant so convicted shall forfeit to the United

10 States of America the following:

11         (a) All right, title and interest in any and all property,

12 real or personal, constituting, or derived from, any proceeds

13 obtained, directly or indirectly, as a result of the offense; and

14         (b) Any Property, real or personal, involved in such

15 offense, and any property traceable to such property;

16         (c) To the extent such property is not available for

17 forfeiture, a sum of money equal to the total value of the property

18 described in subparagraphs (a) and (b).

19      3.   Pursuant to Title 21, United States Code, Section 853(p),

20 as incorporated by Title 18, United States Code, Section 982(b), any

21 defendant so convicted shall forfeit substitute property, up to the

22 total value of the property described in the preceding paragraph if,

23 as the result of any act or omission of said defendant, the property

24 described in the preceding paragraph, or any portion thereof: (a)

25 cannot be located upon the exercise of due diligence; (b) has been

26 transferred, sold to or deposited with a third party; (c) has been

27 placed beyond the jurisdiction of the court; (d) has been

28

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1

FORFEITURE ALLEGATION TWO

2

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3       1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 981(a)(1)(C) and Title 28, United States

7  Code, Section 2461(c), in the event of the defendant's conviction of

8  the offense set forth in Count Three of this Indictment.

9       2.   The defendant, if so convicted, shall forfeit to the United

10 States of America the following:

11           (a)   All right, title, and interest in any and all

12 property, real or personal, constituting, or derived from, any

13 proceeds traceable to the offenses; and

14           (b)   To the extent such property is not available for

15 forfeiture, a sum of money equal to the total value of the property

16 described in subparagraph (a).

17      3.   Pursuant to Title 21, United States Code, Section 853(p),

18 as incorporated by Title 28, United States Code, Section 2461(c), the

19 defendant, if so convicted, shall forfeit substitute property, up to

20 the value of the property described in the preceding paragraph if, as

21 the result of any act or omission of the defendant, the property

22 described in the preceding paragraph or any portion thereof (a)

23 cannot be located upon the exercise of due diligence; (b) has been

24 transferred, sold to, or deposited with a third party; (c) has been

25 placed beyond the jurisdiction of the court; (d) has been

26 substantially diminished in value; or (e) has been commingled with

27 other property that cannot be divided without difficulty.

28

1                           FORFEITURE ALLEGATION THREE

2                           [18 U.S.C. §§ 982 and 1030]

3       1.     Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4 Procedure, notice is hereby given that the United States will seek

5 forfeiture as part of any sentence, pursuant to Title 18, United

6 States Code, Sections 982(a)(2) and 1030, in the event of defendant's

7 conviction of the offense set forth in Count Four of this Indictment.

8       2.     The defendant, if so convicted, shall forfeit to the United

9 States of America the following:

10                (a)     All right, title, and interest in any and all

11 property, real or personal, constituting, or derived from, any

12 proceeds obtained, directly or indirectly, as a result of the

13 offense;

14                (b)     Any property used or intended to be used to commit the

15 offense; and

16                (c)     To the extent such property is not available for

17 forfeiture, a sum of money equal to the total value of the property

18 described in subparagraphs (a) and (b).

19       Pursuant to Title 21, United States Code, Section 853(p), as

20 incorporated by Title 18, United States Code, Sections 982(b) and

21 1030(i), defendant, if so convicted, shall forfeit substitute

22 property, up to the total value of the property described in the

23 preceding paragraph if, as the result of any act or omission of said

24 defendant, the property described in the preceding paragraph, or any

25 portion thereof: (a) cannot be located upon the exercise of due

26 diligence; (b) has been transferred, sold to or deposited with a

27 third party; (c) has been placed beyond the jurisdiction of the

28 court; (d) has been substantially diminished in value; or (e) has

been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

**/s/**
Foreperson

E. MARTIN ESTRADA
United States Attorney

ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, Cyber & Intellectual
  Property Crimes Section

LISA E. FELDMAN
Assistant United States Attorney
Cyber & Intellectual Property
  Crimes Section

AARON FRUMKIN
Assistant United States Attorney
Cyber & Intellectual Property
  Crimes Section